IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANE GARCIA,

        Plaintiff,

v.                                         No.

MRS ASSOCIATES, INC. and
GENERAL MOTORS FINANCIAL COMPANY, INC.,
d/b/a GM FINANCIAL, f/k/a AMERICREDIT,

        Defendants.

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

### Introduction

1. Defendant, MRS Associates ("MRS") and General Motors Financial Company, Inc. d/b/a GM Financial f/k/a AmeriCredit ("AmeriCredit"), engaged in deceptive and abusive debt collection practices in its attempts to collect a time barred debt from Plaintiff, Diane Garcia.

2. Plaintiff seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the New Mexico Unfair Practices Act, § 57-12-1 *et seq.* NMSA 1978 ("UPA").

### Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337.  This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

### Parties

4. Plaintiff, Diane Garcia, resides in Albuquerque, New Mexico.  She is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, MRS Associates, Inc., is a foreign corporation whose principal business is the collection of consumer debts. MRS regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. MRS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant General Motors Financial Company, Inc., d/b/a GM Financial f/k/a AmeriCredit is a foreign corporation and consumer credit financial institution whose principal business is automotive financing. It conducts business in New Mexico, extending loans to New Mexico residents.

## Facts

7. On or about September 16, 2006, Ms. Garcia purchased a vehicle from Thrifty Car Sales.

8. Ms. Garcia and Thrifty executed a retail installment sales contract ("RISC") to finance the vehicle sale.

9. Thrifty assigned the RISC to AmeriCredit.

10. Ms. Garcia stopped making payments on the vehicle in about January 2007.

11. Ms. Garcia made no further payments.

12. Upon information and belief, AmeriCredit sold the vehicle.

13. Upon information and belief, the sale of the vehicle by AmerCredit resulted in an alleged deficiency balance (the "Alleged Debt").

14. The Alleged Debt is time-barred under NMSA 1978, § 55-2-725(1) (1961) which provides for a four year statute of limitations on an action for the breach of any contract for sale of goods. *First National Bank v. Chase*, 118 N.M. 783, 786 (1994).

15. The statute of limitations began to run in 2007, when Ms. Garcia stopped making payments required under the RISC.

16. In 2012, AmeriCredit began placing telephone calls to Ms. Garcia and her family attempting to collect the Alleged Debt.

17. In the telephone calls, AmeriCredit failed to disclose that Alleged Debt is time barred.

18. In the telephone calls, AmeriCredit failed to provide the disclosure required by Subsection A of 12.2.12.9 NMAC or Subsection B of 12.2.12.9 NMAC.

19. On or about July 17, 2012, AmeriCredit sent a letter to Ms. Garcia, in which it stated that the payoff amount for the Alleged Debt is $15,281.44.

20. In its letter, AmeriCredit failed to disclose that the Alleged Debt is time barred.

21. In its letter, AmeriCredit failed to provide the disclosure required by Subsection A of 12.2.12.9 NMAC or Subsection B of 12.2.12.9 NMAC.

22. On July 27, 2012, Ms. Garcia sent a letter to AmeriCredit requesting verification of the Alleged Debt.

23. AmeriCredit failed to provide Ms. Garcia with verification of the Alleged Debt.

24. Upon information and belief, AmeriCredit, sold or assigned the right to collect the Alleged Debt to MRS.

25. On or about August 17, 2012, MRS sent Ms. Garcia a debt collection letter regarding the Alleged Debt.

26. In its letter, MRS did not state that the Alleged Debt is time barred.

27. In its letter, MRS failed to provide the disclosure required by Subsection A of 12.2.12.9 NMAC or Subsection B of 12.2.12.9 NMAC.

28. In 2012, MRS placed multiple telephone calls to Ms. Garcia, and her family, attempting to collect the Alleged Debt.

29. In the telephone calls, MRS failed to state that the Alleged Debt is time barred.

30. In the telephone calls, MRS failed to provide the disclosure required by Subsection A of 12.2.12.9 NMAC or Subsection B of 12.2.12.9 NMAC.

31. In the telephone calls, MRS threatened to sue Ms. Garcia.

32. In the telephone calls, MRS threatened to Ms. Garcia with criminal prosecution.

33. The foregoing acts and omissions were undertaken by AmeriCredit and MRS willfully, maliciously, knowingly, and in conscious or reckless disregard of Ms. Garcia's rights.

34. As a result of Defendants' actions, Ms. Garcia suffered actual damages, including fear and apprehension, embarrassment, humiliation, frustration, aggravation and lost time.

## First Claim for Relief:
## Violations of the FDCPA

35. MRS's actions violate the FDCPA, including 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(7), and 1692e(10).

36. Ms. Garcia is entitled to recover statutory damages, actual damages, and reasonable attorney fees and costs.

## Second Claim for Relief:
## Violations of the Unfair Practices Act

37. Defendants' actions occurred in the regular course of their trade or commerce.

38. Defendants' actions constitute unfair or deceptive trade practices, and unconscionable trade practices, within the meaning of the UPA, NMSA 1978 §57-12-2(D) and (E).

39. Defendants willfully engaged in these unlawful trade practices.

40. Ms. Garcia is entitled to recover actual damages or statutory damages trebled, and reasonable attorney fees and costs.

41. Ms. Garcia is entitled to obtain an injunction to halt Defendants' unlawful conduct.

## Request for Relief

Ms. Garcia requests that this Court award:

A. Statutory and actual damages, for MRS's violations of the FDCPA;

B. Statutory or actual damages, trebled, for Defendants' violations of the UPA;

C. Reasonable attorney fees and costs;

D. Injunctive relief enjoining Defendants from failing to provide the disclosure required by Subsection A of 12.2.12.9 NMAC or Subsection B of 12.2.12.9 NMAC; and

E. Such other relief as the Court deems just and proper.

Respectfully submitted,

FEFERMAN & WARREN, Attorneys for Plaintiff

   */s/ Charles Parnall*
Charles Parnall
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773 phone
(505) 243-6663 fax